Wilton H. ASHBY, Plaintiff—Appellant,

v.

SI, INC., an Arizona corporation; et al., Defendants—Appellees.

No. 04–17042.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Decided Aug. 1, 2006.

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Don Awerkamp, Esq., Raven & Awerkamp, P.C., Tucson, AZ, for Plaintiff–Appellant.

Armand Salese, Esq., Law Offices of Armand Salese, PLLC, Tucson, AZ, for Defendants–Appellees.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,** Senior Judge.

MEMORANDUM ***

Wilton Ashby appeals from an adverse grant of summary judgement on his claims for age discrimination, tortious interference, breach of contract and treble damages under Arizona's Wage Act. We affirm.

■ Nothing in the record calls into doubt the proffered non-discriminatory reason for the decision to let Ashby go— that the company was losing its largest account. That younger workers may have taken over Ashby's duties proves nothing because Ashby concedes that the loss of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that account ended the projects on which he spent most of his time. Furthermore, the comments attributed to the company president do not give rise to an inference of pretext.[1]

■ Nor has Ashby presented evidence from which it can be inferred that the parties intended the written but unsigned Separation Agreement to be merely a memorialization of some oral agreement.[2] First, the Separation Agreement was drafted *before* the alleged oral agreement was supposedly reached, and therefore could not have "memorialized" anything. Second, Ashby conceded that he knew he had to sign and return the Agreement to accept the deal, and that he never did.

Finally, Ashby's Wage Act claim depends on there being a valid agreement between the parties, and since there is not, that claim fails. Ashby's remaining claim for tortious interference is based on the premise that the individual defendants had a discriminatory motive in discharging him and causing SI to breach the Separation Agreement. Because there was insufficient evidence of such conduct, summary judgment was proper on that claim as well.

**AFFIRMED.**

---

1. See *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir.1996) ("old timers" comment, which was uttered in "ambivalent manner" and not directly tied to layoff, is not enough to create inference of age discrimination).

2. See *Tabler v. Indus. Comm'n of AZ*, 202 Ariz. 518, 47 P.3d 1156, 1159 (Ct.App.2002).

